UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KRISTINE BAKER,                               :

                 Plaintiff,                         :

       -against-                                  :

RALDINO POWELL, R.N.                          :
DR. ELLEN GOMPRECHT, M.D.,
SUPERINTENDENT AMY LAMANNA,   :

                 Defendants.                        :
------------------------------------------------------X

7:23-CV-01626 (KMK)(JCM)

**DEFENDANT LAMANNA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

      Defendant Amy LaManna, by her attorney, LETITIA JAMES, Attorney General of the State of New York, answers the Amended Complaint ("Complaint") as follows:

      1.    No response is required to the allegations contained in the first (unnumbered) paragraph on page 1 of the Complaint as they consist of Plaintiff's characterization of the parties to this action.  To the extent a response is required, Defendant denies that there is any basis for this action against her and denies any wrongdoing.

      2.    With respect to the allegations contained in paragraph 1 of the Complaint, no response is required as they make assertions of law and consist of Plaintiff's characterization of the action. Defendant respectfully refers any question of law contained therein to the Court.  To the extent a response may be deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies any wrongdoing on the part of the Defendant.

      3.    With respect to the allegations contained in paragraph 2 of the Complaint, Defendant denies the allegations as to herself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants.

4. With respect to the allegations contained in paragraph 3 of the Complaint, no response is required as they make assertions of law and consist of Plaintiff's characterization of the action. Defendant respectfully refers any question of law contained therein to the Court. To the extent a response may be deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, denies any wrongdoing on her part and denies that Plaintiff is entitled to any damages, costs, interest, or fees from Defendant.

5. No response is required to the allegations contained in paragraph 4 of the Complaint as they make assertions of law and consist of Plaintiff's characterization of the action. Defendant respectfully refers any question of law contained therein to the Court. To the extent a response may be deemed required, Defendants admits that Plaintiff asserts jurisdiction and bases venue under the statutes cited, but denies any wrongdoing.

6. With respect to the allegations contained in paragraph 5 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Kristine Baker is the Plaintiff herein.

7. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Raldino Powell was employed by the New York State Department of Corrections and Community Supervision ("DOCCS") as a nurse at Bedford Hills Correctional Facility ("Bedford Hills") during the time at issue in this case. To the extent Plaintiff is making legal arguments as to the capacity within which Defendant Powell is being sued, no response is necessary. Defendant respectfully refers any question of law contained therein to the Court.

8. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant admits that at all relevant times at issue in this case, Defendant Gomprecht was

employed by DOCCS as a physician at Bedford Hills. To the extent Plaintiff is making legal arguments as to the capacity within which Defendant Gomprecht is being sued, no response is necessary. Defendant respectfully refers any question of law contained therein to the Court.

9. With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits that she was employed by DOCCS as Superintendent of Bedford Hills during the time at issue in this case. To the extent Plaintiff is making legal arguments as to the capacity within which Defendant is being sued, no response is necessary. Defendant respectfully refers any question of law contained therein to the Court.

10. Defendant admits the allegations contained in paragraph 9 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

12. Defendant admits the allegations contained in paragraph 11 of the Complaint.

13. With respect to the allegations contained in paragraph 12 of the Complaint, the cited statute speaks for itself, and no response is necessary. To the extent a response is necessary, Defendant denies any wrongdoing.

14. With respect to the allegations contained in paragraph 13 of the Complaint, the cited law speaks for itself, and no response is necessary. To the extent Plaintiff is making legal arguments at to the capacity of an incarcerated individual to consent to sexual conduct, Defendant respectfully refers any question of law contained therein to the Court. To the extent a response is necessary, Defendant denies any wrongdoing.

15. Defendant admits the allegations contained in paragraph 14 of the Complaint.

16. Defendant admits the allegations contained in paragraph 15 of the Complaint.

17. Defendant admits the allegations contained in paragraph 16 of the Complaint.

18. Defendant admits the allegations contained in paragraph 17 of the Complaint.

19. Defendant admits the allegations contained in paragraph 18 of the Complaint.

20. Defendant admits the allegations contained in paragraph 19 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

31. With respect to the allegations contained in paragraph 30 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

32. With respect to the allegations contained in paragraph 31 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, but denies that she was deliberately indifferent to the Plaintiff such that she permitted Plaintiff to be sexually abused or harassed and denies any wrongdoing.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

35. Defendant admits the allegations contained in paragraph 34 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

37. With respect to the allegations contained in paragraph 36 of the Complaint, Defendant denies the allegations as to herself, but denies knowledge or information sufficient to form a belief as to the truth of the allegations against Defendant Gomprecht.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

47. With respect to the allegations contained in paragraph 46 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

48. With respect to the allegations contained in paragraph 47 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

49. Defendant denies the allegations contained in paragraph 48 of the Complaint.

**FIRST CAUSE OF ACTION**

50. With respect to the allegations contained in paragraph 49 of the Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the

allegations. To the extent Plaintiff is raising legal arguments, no response is necessary. To the extent a response is necessary, deny that Defendant violated Plaintiff's constitutional rights.

51. With respect to the allegations contained in paragraph 50 of the Complaint, Defendant denies the allegations as to herself, but denies knowledge or information as to the truth of the allegations as to Defendants Gomprecht and Powell. To the extent Plaintiff is raising legal arguments, no response is necessary. To the extent a response is necessary, deny that Defendant violated Plaintiff's constitutional rights.

52. With respect to the allegations contained in paragraph 51 of the Complaint, Defendant denies the allegations as to herself, but denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Defendants Gomprecht and Powell. To the extent Plaintiff is raising legal arguments, no response is necessary. To the extent a response is necessary, deny that Defendant violated Plaintiff's constitutional rights.

53. With respect to the allegations contained in paragraph 52 of the Complaint, Defendant denies the allegations as to herself, but denies knowledge or information as to the truth of the allegations as to Defendants Gomprecht and Powell. To the extent Plaintiff is raising legal arguments, no response is necessary. To the extent a response is necessary, deny that Defendant violated Plaintiff's constitutional rights.

**SECOND CAUSE OF ACTION**

54. With respect to the allegations contained in paragraph 53 of the Complaint, Defendant denies the allegations as to herself, but denies knowledge or information as to the truth of the allegations as to Defendants Gomprecht and Powell. To the extent Plaintiff is raising legal arguments, no response is necessary. To the extent a response is necessary, deny that Defendant violated Plaintiff's constitutional rights.

**PRAYER FOR RELIEF**

55. With respect to the allegations contained in the paragraph captioned "PRAYER FOR RELIEF," Defendant admits that Plaintiff summarizes her legal arguments, denies that there is any basis for this action, denies that Plaintiff is entitled to such damages and relief, and denies any alleged wrongdoing.

**DEFENSES**

**AS AND FOR A FIRST DEFENSE**

56. The Complaint fails to state a claim or allege sufficient facts for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

57. If any losses or damages were sustained by Plaintiff, which assumption is expressly denied, then all such losses or damages have been caused and brought about by Plaintiff's own fault, neglect, negligence, lack of care, inattention, poor judgment and culpable conduct, without similar acts of the Defendant having contributed thereto, and as a consequence of the foregoing, the Complaint should be dismissed in all respects, and/or proven losses or damages, if any, should be reduced and diminished in proportion to Plaintiff's contributing and participating negligence and fault.

**AS AND FOR A THIRD DEFENSE**

58. The alleged conduct was properly within the discretionary authority committed to Defendant to perform her official function, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## AS AND FOR A FOURTH DEFENSE

59. The Defendant at no time acted willfully or in malicious disregard of Plaintiff's constitutional rights. As such, Plaintiff is not entitled to punitive damages or other relief.

## AS AND FOR A FIFTH DEFENSE

60. Defendant is not personally responsible for, or involved in, any acts of commission, or omission alleged by Plaintiff, and cannot be held responsible for any agents, servants, employees, or co-workers.

## AS AND FOR A SIXTH DEFENSE

61. The alleged injuries sustained by Plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct Defendant is not responsible.

## AS AND FOR A SEVENTH DEFENSE

62. In light of possible parallel proceedings, Plaintiff's claims may ultimately be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR AN EIGHTH DEFENSE

63. Defendant has Qualified Immunity in that her conduct did not violate clearly established law or it was objectively reasonable for persons in her position to believe that her conduct did not violate clearly established law.

## AS AND FOR A NINTH DEFENSE

64. On information and belief, Plaintiffs has failed to exhaust some of her claims in this case and, therefore, those claims are barred by 42 U.S.C. § 1997e(a).

### AS AND FOR A TENTH DEFENSE

65. Certain of Plaintiff's claims may be barred by the applicable Statutes of Limitations.

### AS AND FOR AN ELEVENTH DEFENSE

66. To the extent that Plaintiffs seek damages from Defendant in her official capacity, Defendant has sovereign and Eleventh Amendment immunity.

### JURY TRIAL DEMANDED

67. Defendant demands a jury trial.

Dated: New York, New York
June 2, 2023

> LETITIA JAMES
> Attorney General of the
>  State of New York
> Attorney for Defendants Gomprecht and LaManna
> By:
>
> /s/ Neil Shevlin
> NEIL SHEVLIN
> Assistant Attorney General
> 28 Liberty Street- 18th Floor
> New York, New York 10005
> Neil.Shevlin@ag.ny.gov
> (212) 416-8561