242424UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KRISTINE BAKER,                                  :

                                                   7:23-CV-1626 (KMK)(JCM)

       Plaintiff,                               :

                                                   **STIPULATED**

     -against-                                :   **CONFIDENTIALITY & PROTECTIVE**
                                                     **ORDER**

RALDINO POWELL, R.N.                             :
DR. ELLEN GOMPRECHT, M.D.,
SUPERINTENDENT AMY LAMANNA,    :

       Defendants.                            :
------------------------------------------------------X

       WHEREAS, the parties to the above captioned action having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

       ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

       1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

       2.    Disclosure and discovery activity in the above-captioned action may involve production of confidential or sensitive information for which special protection from public disclosure may be warranted, the disclosure of which may jeopardize an individual's privacy rights and/or the safety or security concerns of parties or New York State Department of Corrections and Community Supervision ("DOCCS"). Counsel for any party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such

designation is necessary to protect the interests of the parties in sensitive non-public information. Confidential information may include, for example, Plaintiff's health care and mental health care records (including, but not limited to, drug or substance abuse records).

3. A "Confidential" designation does not include information that:

    a. is in the public domain at the time of disclosure;

    b. is obtained by the parties or pursuant to the New York Freedom of Information Law ("FOIL"), or is otherwise publicly available;

    c. becomes part of the public domain through no fault of the Receiving Party (defined below);

    d. the receiving party can show was in its lawful possession at the time of disclosure; or

    e. the receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

4. Documents designated as "Confidential" shall not be disclosed to any person, except:

    a. Attorneys for Plaintiff;

    b. Attorneys for the Defendants;

    c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

    d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulated Confidentiality and Protective Order and shall execute the Certification annexed hereto;

    e. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants;

      f.     The Court, including court personnel;

      g.     With respect to Plaintiff's health care and mental health care records and information, Defendant Lamanna may only view documents marked "Confidential" in the presence of counsel. Defendant Lamanna may not retain copies or take possession of disclosures designated "Confidential";

      h.     With respect to Plaintiff's mental health care records and information, Defendant Gomprecht may only view documents marked "Confidential" in the presence of counsel. Defendant Gomprecht may not retain copies or take possession of mental health disclosures designated "Confidential";

      i.     With respect to Plaintiff's medical records maintained by DOCCS that will be marked herein as "Confidential," Defendant Gomprecht may maintain and view such documents consistent with her duties and responsibilities as a DOCCS physician who would otherwise have access to these materials and who must abide by HIPAA, but is not permitted to remove Plaintiff's medical records from Bedford Hills Correctional Facility. Dr. Gomprecht cannot communicate with anyone regarding Plaintiff's Confidential DOCCS medical records outside of the AG's office, DOCCS medical staff, and any experts or independent contractors retained by the AG's office in connection with this matter;

      j.     Except for medical records drafted or created by Defendant Raldino Powell which Defendant Raldino Powell is permitted to exclusively review in the presence of counsel, Defendant Raldino Powell may not view Plaintiff's health care and mental health care records and information that are marked as Confidential.

5.     Counsel for any party may also designate any document or information, in whole or in part, as "Attorneys' Eyes Only." With respect to documents obtained from DOCCS, Defendants may designate as "Attorneys' Eyes Only" documents in the following categories, but only to the extent that DOCCS has a good faith basis for believing that the disclosure of such documents to Plaintiff would significantly and irreparably jeopardize correctional or institutional safety or security or good order:

      a.     All personnel, health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations, and Office of Special Investigations records that contain personally identifiable information

concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, with the exception of Plaintiff, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced.

      b.    All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access.

      c.    All DOCCS training materials that refer to or concern correctional, community supervision or institutional safety, security, or good order, with the exception of (i) policies and training material concerning when DOCCS staff must order and/or administer a rape kit; (ii) policies and training material concerning when DOCCS staff must order and/or administer a pregnancy test; (iii) policies and training material concerning when DOCCS staff must arrange for a medical examination by a Sexual Assault Nurse Examiner; (iv) policies and training material concerning the Prison Rape Elimination Act; and, (v) policies and training material concerning the provision of medical and mental health care service to incarcerated victims of sexual assault.

      d.    Any other records, photographs, videos or materials that DOCCS reasonably believes would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

6.    Except as otherwise provided herein, or ordered by the Court, access to Attorneys' Eyes Only material shall be limited to the respective counsel for Plaintiff and Defendants, including their respective office staff such as paralegals, and to the Parties' experts subject to each expert's execution of the Certification annexed hereto.

7.    Notwithstanding Paragraphs 5 and 6 above, Plaintiff may view in the presence of counsel the following: (i) Plaintiff's own statements to DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation by that entity, and/or other investigating division of DOCCS in connection with an investigation of Plaintiff's complaints of sexual abuse; (ii) the statements of Plaintiff's parents, Charles Baker

4

and Hope Baker, to DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation by that entity, and/or other investigating division of DOCCS in connection with an investigation of Plaintiff's complaints of sexual abuse; (iii) evidence obtained from Plaintiff, Plaintiff's parents (Charles Baker and Hope Baker), and any former or current counsel of Plaintiff, including Patrick Hennessy, by DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation by that entity, and/or other investigating division of DOCCS in connection with an investigation of Plaintiff's complaints of sexual abuse.

8. The following provisions govern production of Plaintiff's health care and mental health care records and information. Defendants agree that:

   a. All records produced in accordance with this section shall be designated Confidential;

   b. Defendants shall promptly provide exact copies of all records produced by entities or persons other than Plaintiff;

   c. Attorneys for Defendants may not use the records produced in accordance with this section and/or Plaintiff's protected health information for any purpose other than the above-captioned litigation;

   d. In accordance with 45 CFR 164.512, and except as agreed to in Paragraph 8(h), Defendants are prohibited from using or disclosing the protected health information for any purpose other than the above-captioned litigation;

   e. In accordance with 45 CFR 164.512, and except as agreed to in Paragraph 8(h), Defendants and their counsel must destroy or return to the producing entity

5

Plaintiff's protected health information (including all copies made) at the end of this litigation;

f.   Except as agreed to in Paragraph 8(h), Attorneys for Defendants shall maintain the confidentiality of Plaintiff's protected health information through the destruction of the case file;

g.   Except as agreed to in Paragraph 8(h), Attorneys for Defendants shall destroy Plaintiff's protected health information in the above referenced action in accordance with relevant professional and ethical file retention standards; and,

h.   The Office of the Attorney General shall destroy Plaintiff's protected health information in the above referenced action in accordance with relevant professional and ethical file retention standards and the applicable New York State Retention and Disposition Schedules, and in particular in accordance with the Office of the Attorney General's standard retention policies.

9.   For any document that a party seeks to designate as Confidential or Attorneys' Eyes Only, the producing party should stamp the document with the appropriate designation in a conspicuous location within the margins of the document. A party will have no obligation to treat documents as Confidential or Attorneys' Eyes Only without that stamp, unless the document being provided is incapable of being stamped (*i.e.*, a video or audio file); for purposes of any such document, the producing party should use best efforts to plainly identify in some fashion that the document is Confidential or Attorneys' Eyes Only.

10.  In the event that depositions are taken in this matter, the transcripts of those depositions will be treated as Confidential/Attorneys' Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30)

day period (or at any time during the deposition itself), either party may designate as Confidential/ Attorneys' Eyes Only any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraphs 2 and 3 herein. Such designation must be reflected in the record of the deposition transcript or provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective.

11. An inadvertent failure to designate Confidential or Attorneys' Eyes Only material may be corrected by supplemental written notice given as soon as practicable. That written notice should provide the other party with an identification of the production numbers of the inadvertently produced material, and the producing party should then re-produce the material with a proper designation. Nevertheless, the receiving party should treat the document as so designated in the interim.

12. For the avoidance of doubt, nothing herein shall in any way be construed to apply retroactively or to any documents Plaintiff or Plaintiff's counsel has obtained by some means other than through discovery in this action, either prior to or during this action. Should subsequent copies of these records be exchanged with designations of Confidentiality, those subsequent copies (and only those subsequent copies) shall be treated as such.

13. Notwithstanding the treatment as Confidential, personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers of any employee, incarcerated individual, or other person who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents.

14. A party receiving documents or information designated as Confidential or Attorneys' Eyes Only reserves the right to make an application to the Court on notice challenging the designation in whole or in part of any document or information. Prior to making such application, counsel shall in good faith attempt to resolve any dispute via a meet and confer. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential or Attorneys' Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise.

15. Confidential or Attorneys' Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties' respective counsel, provided, however, that in the event that counsel intends to produce documents containing Confidential or Attorneys' Eyes Only material in response to such order, counsel shall serve notice of such order upon opposing counsel and the producing party, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, in order to give the producing party the opportunity to seek a protective order against such production.

16. No person receiving Confidential or Attorneys' Eyes Only material pursuant to this Stipulated Confidentiality and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulated Confidentiality and Protective Order.

17. If the parties' respective attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential material (as defined herein), and the producing parties' respective attorneys do not provide consent in writing, such documents shall be filed under seal, following the Court's rules, procedures, and practices. For the avoidance of doubt, nothing in this paragraph

requires the parties' respective attorneys to seek consent from the producing parties' attorneys before filing a request for documents to be filed under seal.

18. All papers directed by the Court to be filed under seal, shall be filed in accordance with the Sealed Records Filing instructions of the United States District Court and the Court's individual rules and practices, if any.

19. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

20. Confidential or Attorneys' Eyes Only material produced pursuant to the terms of this Stipulated Confidentiality and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

21. Subject to Paragraph 8(h) herein, within sixty (60) days of the conclusion of this Action, including appeals, counsel for the receiving party shall either return to counsel for the producing party all Confidential or For Attorneys' Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential material, in whole or in part, and any copies made therefrom or shall notify the producing parties' counsel in writing that all such

material has been destroyed. Notwithstanding the foregoing, counsel may retain attorney work product that refers to or relates to Confidential or Attorneys' Eyes Only material.

22. Any person given Confidential material shall be given a copy of this Stipulated Confidentiality and Protective Order and shall execute the Certification annexed hereto.

23. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulated Confidentiality and Protective Order and identified herein.

Dated: New York, New York
   January 9, 2024

<table>
<tr><td>

**LETITIA JAMES**
**Attorney General of the State**
**of New York**


*/s/ Neil Shevlin*
Neil Shevlin, Esq.
Assistant Attorney General
28 Liberty Street, 18th Fl.
New York, New York 10005
(212) 416-8561
Neil.Shevlin@ag.ny.gov

*Counsel for Defendants*

</td><td>

**SEIDEN LAW LLP**


*/s/Amiad Kushner*
Amiad Kushner
Priya Lehal
MarcAnthony Bonanno
322 Eighth Avenue, Suite 1200
New York, New York 10001
(646) 766-1914
akushner@seidenlaw.com
plehal@seidenlaw.com
mbonanno@seidenlaw.com

*Counsel for Plaintiff*

</td></tr>
<tr><td>

**LAW OFFICE OF**
**MARIO DEMARCO PC**

*/s/ Mario DeMarco*
Mario DeMarco, Esq.
One Gateway Plaza
Port Chester, New York 10573
(914) 937-2213
demarcomario@aol.com

*Counsel for Defendant Powell*

</td><td>

**PRISONERS' LEGAL SERVICES**


*/s/ Krin Flaherty*
Krin Flaherty, Esq.
114 Prospect Street
Ithaca, New York 14850
(607) 273-2283
kflaherty@plsny.org

*Counsel for Plaintiff*

</td></tr>
</table>

SO ORDERED:

_____ 1/9/24
HON. KENNETH M. KARAS
United States District Judge
New York, New York

11

# CERTIFICATION

I certify my understanding that Confidential material is being provided to me pursuant to the terms and restrictions of the Stipulated Confidentiality and Protective Order in <u>Baker v. Powell, et. al.</u> 23-CV-01626, currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulated Confidentiality and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulated Confidentiality and Protective Order restricting the communication or use of Confidential material, including but not limited to any notes or other transcriptions made of Confidential material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
TELEPHONE NUMBER