

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8561

February 22, 2024

By ECF
Hon. Judith C. McCarthy
United States Magistrate
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

   Re: *Baker v. Powell, et al.*, 23 Civ. 1626 (KMK)(JCM)

Dear Judge McCarthy:

  I write respectfully in response to Plaintiff's February 20, 2024 letter to the Court (ECF No. 42), providing a summary of discovery to date and attacking me, personally, as being dilatory in my responsibilities to advance discovery and for being consistently dishonest. This is simply not the case and is, unfortunately, only the latest example of the condescending and insulting manner by which opposing counsel has conducted discovery and our interactions. Plaintiff is correct that there have been problems with discovery. However, as discussed more fully below, the majority of those problems stem from opposing counsel's own actions and the manner by which they have conducted discovery.

  Pursuant to Court Order, the parties exchanged interrogatories and document requests. Defendants served their demands on September 14, 2023, and Plaintiff served her demands on October 13, 2023. In responding to the document requests, I asserted objections. In response, opposing counsel served multiple subpoenas on DOCCS requesting many of the same documents they had sought in their first set of document requests to Defendants.

  Opposing counsel did not share with me their rational for serving subpoenas rather than trying to resolve any issues with me and the Court, if necessary. However, having had several conversations with opposing counsel, I have surmised that based on the Court's statement at the last conference that, "Mr. Shevlin [is] going to be collecting the records and responding to the records because he is the one that represents DOCCS and these records are DOCCS,'" they were left with the impression that the Office of the Attorney General ("OAG") is obligated to obtain for them whatever documents they request from DOCCS without objection. In response to the subpoenas, I explained to opposing counsel by phone and email the following: (i) based on my experience, the Court's expectation is that if there are documents requested that are otherwise

relevant and not objectionable, but that are maintained by non-party DOCCS, as opposed to the individual Defendants, OAG is expected to obtain and produce copies of those documents. The example I used was the OSI file, which has been produced. However, if the requests are objectionable, OAG will assert objections to those requests; (ii) OAG does not have access to individual facilities such that we enter those facilities and conduct searches for requested documents. Facility staff conduct the searches and supply us with the results; (iii) OAG does not have access to DOCCS' computer system such that I or other OAG staff conduct eDiscovery searches. DOCCS' Counsel's Office conducts eDiscovery searches; and (iv) OAG does not represent non-party DOCCS for purposes of responding to the subpoenas. DOCCS' Counsel's Office will respond to the subpoenas and will assert whatever objections it believes are warranted.

In response to my informing opposing counsel that DOCCS, not OAG, would respond formally to the subpoenas, opposing counsel advised me that it would no longer include me on any correspondence with DOCCS. On page 2 of Plaintiff's letter, opposing counsel references a meet-and-confer with DOCCS' Counsel's Office concerning the subpoenas. I was not invited to attend that meeting. I was also not invited to attend other conversations between Plaintiff and DOCCS. Fortunately, DOCCS' Counsel's Office has kept me updated on the status of its discussions with opposing counsel and I do have an understanding of what documents Counsel's Office is in the process of producing and what documents it has objected to producing. Based on this information, I have tried to coordinate with Plaintiff and DOCCS which documents OAG will be getting. I have advised opposing counsel that it is inefficient for both Counsel's Office and OAG to request the same documents and that to the extent Counsel's Office has stated it is going to produce the documents, I would be willing to Bates stamp that production so that discovery would remain uniform in this case.

At this point, opposing counsel's *modus operandi* appears to be to try in the first instance to obtain discovery from Counsel's Office but, if Counsel's Office is too slow, to pivot back to OAG to demand that I obtain the discovery consistent with the Court's statement that OAG is the lawyer for DOCCS.

With respect to specific types of documents referenced in opposing counsel's letter, please be advised of the following:

**Medical Records**: I have not lied to opposing counsel. While I was able to obtain certain medical records from DOCCS when this case began, I was unable to *produce* those medical records without a release. At the outset of this case, opposing counsel objected to providing OAG with a release for Plaintiff's entire medical file because the incident at issue only lasted several months. Opposing counsel finally provided me with a release on or about January 11, 2024, and I produced the copy of the file OAG obtained in March 2023, on February 12, 2024. We have contacted Albion Correctional Facility, Plaintiff's current facility, to request a copy of Plaintiff's medical records for the period March 2023 to present, and will produce those when we receive them.

**OMH Records**: According to Plaintiff, she subpoenaed a copy of her file from OMH, but OMH has not yet responded to the subpoena. However, after Plaintiff provided my office with a signed release for her OMH records on or about January 11, 2024, we were able to obtain a copy of Plaintiff's OMH file and forwarded it to Plaintiff on February 12, 2024.

**OSI File**: OAG produced the OSI file to opposing counsel. In response, and as set forth in the status letter to the Court, opposing counsel has raised a number of concerns/questions about additional documents and also accused OAG of violating the terms of our eDiscovery agreement by not providing metadata for the 12 audio files that were produced. In response, I advised opposing counsel that in my opinion the eDiscovery agreement is not applicable to the audio files as these files are part of a pre-existing OSI file and were not generated in response to an eDiscovery search. However, regardless of the eDiscovery agreement, I advised opposing counsel that I have no objection to asking OSI to provide this information. While it has taken some time, OSI has now advised me that because these 12 files were saved as "Wave" files, no metadata is available. Regarding Plaintiff's additional questions/concerns, I have asked OSI to respond to me with answers to the questions and anticipate that I will be in a position to respond to opposing counsel within one week. However, to the extent Plaintiff has continuing questions about how the investigation was conducted, they are free to depose the investigator who conducted the investigation. In fact, opposing counsel has already asked DOCCS for contact information for this individual as well as other individuals.

**eDiscovery**: opposing counsel state that DOCCS' Counsel's Office will respond by March 1, 2024. I am not aware of any reason why this date will not be met.

Going forward, in order to streamline discovery and to avoid continuing confusion, I respectfully recommend that the following steps be taken: (i) opposing counsel stop excluding OAG from its discussions with Counsel's Office regarding discovery; (ii) opposing counsel produce to OAG and Counsel's Office a list of documents and information they believe are outstanding, both in terms of discovery that has been objected to and discovery that has not been objected to; (iii) OAG and DOCCS' Counsel's Office confer to determine the most efficient path forward in terms of who will be responsible for obtaining the discovery that has not been objected to; and (iv) OAG, Counsel's Office, and opposing counsel conduct a meet-and-confer to discuss the schedule going forward.

I thank Your Honor for your attention to this matter.

Respectfully submitted,

/s/ Neil Shevlin
Neil Shevlin
Assistant Attorney General
Neil.Shevlin@ag.ny.gov

cc: All Counsel for Plaintiff (by ECF)
    Counsel for Defendant Powell (by ECF)