# SEIDEN | LAW

March 15, 2024

**VIA ECF and EMAIL**
Hon. Kenneth M. Karas, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
KarasNYSDChambers@nysd.uscourts.gov

*Courtesy Copy To:*
Hon. Judith C. McCarthy, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
McCarthy_NYSDchambers@nysd.uscourts.gov

Re: *Baker v. Powell, et al.*, Case No. 7:23-CV-01626 (KMK)(JCM)

Dear Judge Kenneth M. Karas:

Seiden Law LLP and Prisoners Legal Services of New York represent plaintiff Kristine Baker ("**Plaintiff**") in the above-referenced matter (the "**Action**"). With the consent of the undersigned counsel for defendants Raldino Powell ("**Defendant Powell**"), Ellen Gomprecht ("**Defendant Gomprecht**"), and Amy Lamanna ("**Defendant Lamanna**;" all defendants together, "**Defendants**;" and together with Plaintiff, the "**Parties**"), the Parties write jointly to update the Court on the status of discovery and to respectfully request an extension of the discovery schedule set forth in the Case Management and Scheduling Order, as extended on December 15, 2023 (the "**Scheduling Order**") (Dkt. 34).

Through no fault of the Parties, significant document production of DOCCS records remains outstanding. Despite the collective efforts of the Parties, Plaintiff still has not received a hit report of Plaintiff's proposed search terms from DOCCS, which will inevitably lead to the production of a majority of the outstanding documents. Even if substantive document production was completed immediately, Defendants' counsels are unavailable before the close of fact discovery to complete non-party depositions, and Defendants' depositions are scheduled to begin in just over a week. Accordingly, the Parties are mutually requesting an extension to the Scheduling Order.

Specifically, and for the Court's reference, on February 29, 2024, the Parties met and conferred to discuss Defendants' outstanding search term hit reports and document production. During this meeting, Plaintiff was informed that Defendant Powell intends to serve a hit report of Plaintiff's proposed search terms and produce any responsive documents by March 7, 2024. In regard to DOCCS records, the Office of the Attorney General ("**OAG**") confirmed that it will continue to work with DOCCS Office of Counsel to determine a date by which a complete hit report of Plaintiff's proposed search terms will be produced.

In an effort to comply with the Scheduling Order, Plaintiff proposed a deposition schedule, with dates prior to the close of fact discovery, for five non-party depositions. However, counsel

# SEIDEN | LAW

for Defendants indicated that they are not available on those dates and counsel for Defendant Powell provided availability for dates after the close of fact discovery. The Parties have also agreed to a deposition schedule for Defendants, including the deposition of Defendant Powell on March 26, 2024 at 10 a.m., Defendant Gomprecht on April 3, 2024 at 10 a.m., and Defendant Lamanna on April 4, 2024 at 10 a.m., and have agreed to conduct Plaintiff's deposition on April 9, 2024.

On March 7, 2024, Plaintiff's counsel and OAG met and conferred to discuss (1) OAG's objections to the deficiencies identified by Plaintiff in Defendants' document production; (2) the timeline of Defendants' rolling production; (3) formatting issues preventing DOCCS from producing a complete hit report of Plaintiff's proposed (and amended) search terms; (4) Plaintiff's request to conduct a site inspection of Bedford Hills Correctional Facility ("Bedford Hills"); and, (5) non-party deposition schedules. During the March 7th meet and confer, OAG informed Plaintiff that he would provide availability for non-party depositions, a timeline for production of outstanding documents, and responses to Plaintiff's revised document requests per OAG's objections by the middle of this week. OAG also indicated that he would provide Plaintiff with an update regarding the formatting issues preventing DOCCS from producing a complete hit report by the middle of this week. On March 7, 2024, Defendant Powell's counsel informed Plaintiff that he would not be able to produce a hit report and responsive documents by the agreed-upon (extended) March 7th deadline and would require until March 13th.

On March 13th, the Parties agreed to proceed with the Bedford Hills site visit on March 20th; however, Plaintiff requested DOCCS return the media storage device from Plaintiff's camera by March 22nd as Defendants' depositions are currently scheduled to begin on March 26th, but DOCCS Office of Counsel indicated that it cannot make such an assurance. On March 13th, Defendant Powell's counsel requested an additional extension to produce a hit report and responsive documents. It is unclear to Plaintiff when this production will be completed.

On March 14th, OAG informed Plaintiff that DOCCS believes that they will require an additional 60-days to produce the outstanding records identified in Plaintiff's deficiency list. This timeframe was not calculated to include the production of records identified by Plaintiff's search terms, as the Parties are still attempting to resolve technological issues surrounding DOCCS' production of a hit report, which is necessary for responsive documents to be produced. As a result, OAG indicated he is not certain when a substantive production of those records will be made. OAG also stated that he would provide availability for non-party depositions and responses to Plaintiff's revised document requests per OAG's objections by March 18th.

With significant document production outstanding from all Defendants, DOCCS' representation to OAG that it requires an additional 60-days to complete production of Plaintiff's identified deficiencies, Plaintiff's lack of receipt of a complete hit report, it is clear that Plaintiff will not be in receipt of substantive document production prior to the commencement of Defendants' depositions, which is less than two weeks away. It is prejudicial to Plaintiff to proceed with depositions without the benefit of completed document production. Additionally, due to the lack of availability of Defendants' counsels on Plaintiff's proposed dates for nonparty depositions and the lack of availability of Defendant Powell's counsel prior to the close of fact

2

# SEIDEN | LAW

discovery, it is clear that nonparty depositions cannot be completed prior to the current fact discovery deadline.

The Parties anticipate requiring 60-days from the date that substantive document production is completed in order to conduct party and non-party depositions. Accordingly, based on DOCCS' representation that it requires an additional 60-days to complete production of identified outstanding documents, the Parties estimate that substantive document production (to include records identified by Plaintiff's search terms) will be completed by June 13, 2024. The current deadlines and proposed extended deadlines are shown in the chart below:

|  | Current Deadline | [Proposed] New Deadline |
|---|---|---|
| Completion of Substantive Document Production | N/A | June 13, 2024 |
| Service of Requests to Admit | April 4, 2024 | 45-days after the completion of Document Production |
| All fact discovery (including depositions) | April 11, 2024 | 60-days after the completion of Document Production |
| Expert disclosures | July 15, 2024 | 90-Days after the completion of all Fact Discovery |
| Plaintiff's expert reports | May 16, 2024 | 30-Days after the completion of all Fact Discovery |
| Defendants' expert reports | June 17, 2024 | 60-Days after the completion of all Fact Discovery |

**LETITIA JAMES**
**Attorney General of the State of New York**

*/s/Neil Shevlin*
Neil Shevlin, Esq.
Assistant Attorney General
28 Liberty Street, 18th Fl.
New York, New York 10005
(212) 416-8561
Neil.Shevlin@ag.ny.gov
*Counsel for Defendants*

**SEIDEN LAW LLP**

*/s/Michael Stolper*
Michael Stolper
Priya Lehal
MarcAnthony Bonanno
322 Eighth Avenue, Suite 1200
New York, New York 10001
(646) 766-1914
akushner@seidenlaw.com
plehal@seidenlaw.com
mbonanno@seidenlaw.com
*Counsel for Plaintiff*

3

# SEIDEN | LAW

| | |
|---|---|
| **LAW OFFICE OF**<br>**MARIO DEMARCO PC** | **PRISONERS' LEGAL SERVICES** |
| */s/Mario DeMarco*<br>Mario DeMarco, Esq.<br>One Gateway Plaza<br>Port Chester, New York 10573<br>(914)-937-2213<br>demarcomario@aol.com<br>*Counsel for Defendant Powell* | */s/Krin Flaherty*<br>Krin Flaherty, Esq.<br>114 Prospect Street<br>Ithaca, New York 14850<br>(607) 273--2283<br>kflaherty@plsny.org<br>*Counsel for Plaintiff* |

Fact discovery must be done by 6/11/24. OAG will have to make sure DOCCS understands that this deadline will not move again or the Court will consider sanctions. DOCCS does decide the pace of discovery in this or any case. Plaintiff's expert report is due 7/31/24. Defense report is due 8/31/24. The next case management conference will be 10/ 9 /24, at 10:30 The pre-motion letter deadlines are moved accordingly.

So Ordered.

3/25/24