# SEIDEN | LAW

June 28, 2024

**VIA ECF and EMAIL**
Hon. Judith C. McCarthy, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
McCarthy_NYSDchambers@nysd.uscourts.gov

*Courtesy Copy To:*
Hon. Kenneth M. Karas, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
KarasNYSDChambers@nysd.uscourts.gov

**Re: *Baker v. Powell, et al.*, Case No. 7:23-CV-01626 (KMK)(JCM)**

Dear Magistrate Judge McCarthy:

Pro bono counsel, Seiden Law LLP, and nonprofit Prisoners Legal Services of New York represent plaintiff Kristine Baker ("**Plaintiff**") in the above-referenced matter (the "**Action**"). With the consent of the undersigned counsel for defendants Raldino Powell ("**Defendant Powell**"), Ellen Gomprecht ("**Defendant Gomprecht**"), and Amy Lamanna ("**Defendant Lamanna**;" all defendants together, "**Defendants**;" and together with Plaintiff, the "**Parties**"), the Parties write jointly to update the Court regarding outstanding discovery issues.

**Plaintiff's Position**

On June 24, 2024, OAG made a production of outstanding documents accompanied by a letter addressing the previously-identified deficiencies and any remaining objections. Plaintiff met and conferred with OAG and DOCCS' Counsel's Office on June 26, 2024 regarding the aforementioned production and letter.

First, although the Court ordered Defendants Lamanna and Gomprecht to complete production of outstanding discovery by June 24, 2024, there remains several categories of documents that have not yet been produced. Dkt. 61. For instance, the Office of the Attorney General ("**OAG**") has not yet produced audio recording metadata for the audio recordings analyzed by OSI in the course of their investigation (*e.g.*, the date of the recording, the incarcerated individual that placed the call, etc.). This information was initially requested by Plaintiff on January 19, 2024 and confirmed to exist during the Rule 30(b)(6) deposition of the Department of Corrections and Community Supervision ("**DOCCS**"). Additionally, Plaintiff is still awaiting production of Defendant Powell's personal timesheets for the Relevant Period, which were also confirmed to exist during the Rule 30(b)(6) deposition of DOCCS, in order to confirm the dates Powell was located at Bedford Hills Correctional Facility ("**BHCF**"). These documents are also necessary in order to accurately narrow Plaintiff's request for various logbook entries and video surveillance footage from BHCF during the Relevant Period. This was initially requested in Plaintiff's first requests for the production of documents served on October 13, 2023.

Other categories of outstanding documents include relevant OSI investigator notes, audio recordings, and emails from Defendant Powell's DOCCS assigned email address (which also was confirmed to exist per DOCCS' Rule 30(b)(6) deposition).

Second, in the OAG's letter accompanying the June 24, 2024 production, several categories of documents were indicated not to exist or not to have been maintained. These representations contradict DOCCS' documentation and document retention policies, per DOCCS' Rule 30(b)(6) deposition. As an example, Plaintiff requested a copy of the "list of all individuals" entering Plaintiff's COVID Isolation room in April 2020, which was required to be maintained pursuant to DOCCS' COVID Pandemic Plan and to be preserved for a minimum of five years. In its response, the OAG noted that "[a]ccording to Bedford, this document, while required, was not maintained." Additionally, Plaintiff was informed during DOCCS' Rule 30(b)(6) deposition that during an investigation into a DOCCS employee, OSI will request an eDiscovery hold in order to preserve that employee's account and related data and prevent automatic purging. However, in response to Plaintiff's request for a copy of OSI's eDiscovery hold request issued during its investigation into Plaintiff's claims against Defendant Powell, OAG indicated that no such documents exist.[1]

Finally, Plaintiff still awaits Defendant Powell's production of data relating to Defendant Powell's <ralpow9@gmail.com> email account, which was initially requested specifically on March 27, 2024, and the production of subscriber information related to Defendant Powell's cellphone carrier, which was initially requested specifically on April 23, 2024. Plaintiff has not been provided with an update on these requests.

**Defendants' Position**

On Monday June 24, 2024, Defendants substantially completed document production. Plaintiff is correct that they had requested certain metadata that was not produced this past Monday. However, this is due to technical issues, not because Defendants withheld this information. The requested metadata pertains primarily to video evidence that was previously produced by DOCCS' Office of Special Investigation ("OSI"). OSI is able to view the metadata on its computers, however, OAG and Plaintiff are not yet able to view this information on theirs because of issues with the software required. Significantly, OAG is in the same position and not able to view this metadata. We will continue to elevate the issue internally with the hope that our IT Department can fix the problem.

Regarding time records for Nurse Powell, Defendants previously produced salary information for Nurse Powell indicating the days he worked during the relevant time period. During the meet-and-confer, Plaintiff pointed out, for the first time, that there are some discrepancies between the hours reflected on the salary information and medical records signed by Nurse Powell such that it appears that Nurse Powell signed medical forms while not on duty. Michele Sleight from DOCCS' Counsel's Office was present during the telephonic meet-and-

---

[1] For the sake of brevity, Plaintiff's position does not enumerate every document or category of documents that has not yet been produced or that appear not to have been maintained in accordance with DOCCS policy, pursuant to DOCCS' Rule 30(b)(6) deposition. Upon the Court's request, Plaintiff can provide a complete list of such outstanding documents.

**SEIDEN | LAW**

confer and agreed to look for any other record of when Nurse Powell worked during the relevant time period.

In addition, during the Rule 30(b)(6) deposition, DOCCS' representative indicated that certain categories of documents are traditionally maintained. However, the deponent did not comment on this case specifically. When searching for certain documents in this case, DOCCS' Counsel's Office ascertained that they no longer exist or never existed in the first place, such as information pertaining to the individuals who entered Plaintiff's Covid isolation room in April 2020. Counsel's Office was advised that the Covid list was never maintained for any incarcerated individual at Bedford Hills Correctional Facility and that Plaintiff was not singled out in this respect. In the spirit of cooperation, despite already looking for these documents and responding to Plaintiff, Counsel's Office has agreed to look one last time.

Finally, Plaintiff's letter suggests that DOCCS failed to place a litigation hold in this case. According to Counsel's Office, that is not true. Counsel's Office has advised that it did institute a hold after this case was commenced. However, by that time, certain documents may have been destroyed in the normal course. In addition, according to DOCCS, there were no documents responsive to Plaintiff's request for an OSI litigation hold or litigation hold policies, because DOCCS does not maintain any such policies.

| | |
|---|---|
| **SEIDEN LAW LLP** | **PRISONERS' LEGAL SERVICES** |
| */s/Michael Stolper* | */s/Krin Flaherty* |
| Michael Stolper | Krin Flaherty, Esq. |
| Priya Lehal | Megan Welch, Esq. |
| MarcAnthony Bonanno | 114 Prospect Street |
| 322 Eighth Avenue, Suite 1200 | Ithaca, New York 14850 |
| New York, New York 10001 | (607) 273--2283 |
| (646) 766-1914 | kflaherty@plsny.org |
| mstolper@seidenlaw.com | mwelch@plsny.org |
| plehal@seidenlaw.com | |
| mbonanno@seidenlaw.com | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

**LETITIA JAMES**
**Attorney General of the State of New York**
*/s/Neil Shevlin*
Neil Shevlin, Esq.
Assistant Attorney General
28 Liberty Street, 18th Fl.
New York, New York 10005
(212) 416-8561
Neil.Shevlin@ag.ny.gov

*Counsel for Defendants*