Law Offices of

# MARIO DEMARCO, P.C.

info@mdemarcolaw.com

Admitted in Connecticut & New York

Connecticut Office:
1100 Summer Street, 4th Floor
Stamford, Connecticut 06905
Tel: (203) 356-1060
Fax: (203) 348-5600

THE GATEWAY BUILDING
1 GATEWAY PLAZA, SUITE 2A
PORT CHESTER, NEW YORK 10573
TEL: (914) 937-2213
FAX: (914) 937-3066

September 4, 2024

*Via ECF and Via Email McCarthyNYSDchambers@nysd.uscourts.gov and
KarasNYSDChambers@nysd.uscourts.gov*
United States District Court
Hon. Judith McCarthy, USMJ
300 Quarropas Street
White Plains, New York 10601

**Re:    Baker v. Powell, et. al.**
**Case No: 7:23-CV-01626 KM**

Dear Hon. McCarthy:

Please accept this letter as a response to that of Plaintiff's counsel dated September 3, 2024. The Plaintiff, in essence, seeks to control the line of questioning and topics that Defendant's counsel shall be permitted to ask in the deposition scheduled for September 9, 2024. In this way, the Plaintiff seeks a protective order by agreement. In communication between Plaintiff's counsel and counsel for the OAG, they agreed:

"You have agreed not to raise Ms. Baker's past sexual history. As we stated, based on the notice of allegations in this matter, it would be highly inappropriate to explore this topic. If this topic is raise (sic), we will object accordingly and, if necessary, raise it with the judge. We have agreed that you will be permitted to ask Ms. Baker was previously a victim of sexual assault, sexual violence or rape. If answered in the negative, the line of questioning will end. If answered in the positive, you are permitted to explore the topic to the extent it goes towards Ms. Baker's damages. That said, we have further agreed that the scope of these questions will be limited in nature. We also do not have any objection with you exploring Ms., Baker's relationships (friends, family, and/or significant others) only to the extent the questions are not exploring any sexual relationship."

I did not agree to those specific terms. I indicated to Plaintiff's counsel that "I tend to agree with Neil's position" in general, but that I would provide a formal position at a later date. On August 30, 2024, I emailed to all counsel:

"I think the better practice would be to proceed with the deposition, note the objections on a question to question basis, and if appropriate, you can, pursuant to Rule 30 (c)(2), instruct the witness not to answer the question. After the deposition is over, either party can bring the disputed questions before the Court on a fully developed record. That way, the Court will be dealing with specific questions, not hypothetical ones. What's more, I am entitled to any information that may lead to evidence, not admissible evidence. The potential questions do not seek privileged information. I do not intend to proceed in folly or bad faith, but I am entitled to information that may be critical to my client at trial. Also, credibility is always a factor. A plaintiff may not like being questioned about sensitive or embarrassing topics, but that is a normal hazard of instituting a claim…"

It appears that Plaintiff's counsel agrees that this is the appropriate manner to proceed. After all, as stated above, Plaintiff's counsel states "….we will object accordingly, and if necessary, raise it with the judge." Why then do they require the "protective order by agreement" that they seek.

I do not intend to harass or intentionally ask annoying questions. However, I am entitled to ask questions that may reveal who and what is at the core of the Plaintiff's claim. The potential jury will be keenly interested. I do not intend to ask immaterial or unreasonably annoying or embarrassing questions. If I do, Plaintiff's counsel can object, instruct the witness not to answer and can seek a ruling upon a complete record. This, I believe, is the correct manner in which to proceed. Accordingly, no protective order or conference is required.

Respectfully submitted,

/s/ Mario DeMarco____
Mario DeMarco, Esq.
1 Gateway Plaza
Second Floor
Port Chester, New York 15073
Tel. 914.937.2213
demarcomario@aol.com