# SEIDEN | LAW

Memo Endorsed. *See* Page 4.

September 3, 2024

**VIA ECF and EMAIL**
Hon. Judith C. McCarthy, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
McCarthy_NYSDchambers@nysd.uscourts.gov

*Courtesy Copy To:*
Hon. Kenneth M. Karas, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
KarasNYSDChambers@nysd.uscourts.gov

Re: *Baker v. Powell, et al.*, Case No. 7:23-CV-01626 (KMK)(JCM)

Dear Magistrate Judge McCarthy:

Plaintiff writes pursuant to Rule 2.A. of the Court's Individual Practices and Local Civil Rule 37.2 to request an immediate pre-motion conference in advance of **Plaintiff's deposition scheduled for next Monday, September 9, 2024,** in order to prevent Attorney DeMarco from asking Plaintiff about her past sexual conduct and sexual "predisposition" at Plaintiff's deposition.  In the event that the Court is unable to accommodate the pre-motion conference prior to Plaintiff's deposition, Plaintiff will require her deposition be rescheduled to a later date.

By way of background, on August 21st, Plaintiff met and conferred with the Attorney Shevlin from the Office of the Attorney General ("**OAG**") to discuss Plaintiff's deposition. Attorney DeMarco was invited to join but did not attend.  In relevant part, the Plaintiff and OAG agreed that at Plaintiff's deposition Plaintiff's sexual conduct would not be raised by OAG because, based on the nature of the allegations in this Action, it would not be appropriate or proportionate to needs of the case to do so.  Additionally, Plaintiff agreed to allow OAG to ask if Plaintiff was previously a victim of sexual assault, sexual violence, or rape, but if answered in the negative, the questioning would conclude there.  Similarly, Plaintiff agreed that OAG's questions that explore the dynamics of Plaintiff's relationships (*e.g.*, friends, family, and/or significant others) were appropriate to the extent that were not probing into Plaintiff's sexual conduct.

Also on August 21st, Plaintiff emailed Attorney DeMarco advising him of the agreement between Plaintiff and OAG, and asked if he would be willing to agree to the same terms.  Attorney DeMarco did not respond.  Plaintiff followed up with Attorney DeMarco by email and Plaintiff, ultimately, spoke to him by phone on August 23rd.  During that call, Attorney DeMarco explained that he did not completely agree with OAG's position and believed there may be a good faith basis (*e.g.,* Plaintiff's credibility) to probe Plaintiff's sexual history.  Plaintiff disagreed.  Notably, however, Attorney DeMarco conceded that Plaintiff's prior sexual conduct was not material to the issue of consent because consent was not an issue in the Action.  Notwithstanding the disagreement, ***Attorney DeMarco proposed***, and Plaintiff agreed, that: (1) Attorney DeMarco would provide Plaintiff with a list of questions he intended to ask Plaintiff regarding her sexual

history, and that Attorney DeMarco would limit any questions about Plaintiff's sexual history at Plaintiff's deposition to the written questions provided to Plaintiff; (2) Attorney DeMarco would provide Plaintiff with the aforementioned list of questions on or before 5pm on Friday August 30th; and, (3) after Plaintiff received Attorney DeMarco's list of questions, the parties could meet and confer regarding specific objections pertaining to specific questions, and only if necessary, then place the issue before the Court (collectively, the "**August 23rd Agreement**"). The August 23rd Agreement was memorialized in an email from Plaintiff to Attorney DeMarco, where Plaintiff also reserved the right to object to any of Attorney DeMarco's questions and raise any issues with the Court.

One week later, on August 30th at 3:26 p.m., and since Attorney DeMarco still had not provided Plaintiff with his list of questions, Plaintiff emailed Attorney DeMarco asking when they should expect to receive his list of questions. At 4:00 p.m. on August 30th, Attorney DeMarco emailed Plaintiff stating that he would not provide Plaintiff with a list of questions and that he was not going to abide by the August 23rd Agreement. Instead, Attorney DeMarco now proposed that he would ask Plaintiff questions about her sexual conduct at her deposition, Plaintiff could object to those questions and not answer the questions upon instruction from counsel, and then the unanswered questions could be placed before the Court to resolve at a later date. In an attempt to justify his reneging on the August 23rd Agreement, Attorney DeMarco argued that he is entitled to any information that may lead to evidence, the potential questions about Plaintiff's sexual conduct do not seek privileged information and may be related to Plaintiff's credibility, and Plaintiff being embarrassed during a deposition "is a normal hazard of instituting a claim."

**Plaintiff's Position**

Contrary to Attorney DeMarco's position, deponents frequently obtain protective orders to limit the scope of depositions. Pursuant to FRCP Rule 26(c)(1) or FRCP Rule 30(d)(3), a deponent is permitted to move prior to, or during, a deposition to limit the deposition on the grounds that it "**unreasonably annoys, embarrasses, or oppresses the deponent or party.**" (Emphasis added) FRCP Rule 30(d)(3). In seeking to limit a deposition under FRCP Rule 30(d)(3), the movant is permitted to demand that the deposition be suspended for the time necessary to for the court to rule on the objection. Baines v. City of New York, 2016 WL 3042787, at *4 (S.D.N.Y. May 27, 2016).

Although not controlling, federal courts acknowledge that FRE Rule 412 should be considered by courts in discovery disputes and "[c]ourts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." Burger v. Litton Indus., Inc., 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995) *citing* 1994 Advisory Committee Notes to Rule 412(c). FRE Rule 412(b)(2), commonly known as a "Rape Shield Statute," is relevant to the present dispute because it limits the admissibility of a victim's sexual behavior or sexual predisposition if the probative value "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."[1]

---

[1] The Advisory Committee Notes for the 1994 Amendments to the FRE, acknowledge that FRE Rule 412 "reverses that usual procedure spelled out in [FRE] Rule 403 by shifting the burden to the proponent to demonstrate

**SEIDEN | LAW**

In civil cases alleging sexual violence, rape, or sexual harassment, courts have granted protective orders to prevent the probing of a party's past sexual history or predisposition at a deposition. *See* Burger v. Litton Indus., Inc., 1995 WL 476712, at *3 (S.D.N.Y. Aug. 10, 1995) (in a sexual harassment case, the S.D.N.Y. granted a protective order to prevent the deposition inquiry into the plaintiff's sexual conduct and reasoned, in part, that the usage of sexual conduct to attack the plaintiff's credibility did not meet the FRE Rule 412 standard); Baines v. City of New York, 2016 WL 3042787, at *4-5 (S.D.N.Y. May 27, 2016) (in a similar §1983 action, the S.D.N.Y. limited defendants from asking questions pertaining to the plaintiff's sexual relationships or partners and reasoned that "[q]uestions that delve into a deponent's sexual history or other elements of his or her personal life that have no possible relevance to the case may be the subject of a successful Rule 30(d)(3) motion."). New York state courts have similarly found that "there is limited value to testimony concerning the sexual past of a victim of a sexual assault; instead, it often serves only to harass the victim and confuse the jurors" Lisa I. v. Manikas, 183 AD3d 1096 (3d Dept 2020) *citing* People v Williams, 81 NY2d 303, 312 (1993); *see also* Greene v. Aberle, 568 N.Y.S.2d 300, 302 (Sup. Ct. 1991) (same) ("Plaintiff's attempt to obtain such information is tantamount to judicial harassment."); Mason v. Cohn, 108 Misc. 2d 674, 675–76, 438 N.Y.S.2d 462, 464 (Sup. Ct. 1981) (finding that plaintiff's prior sexual conduct is not relevant to the issue of consent; and, "…our courts now realize that a sexually experienced female does not waive the sanctity of her person because of her prior social conduct.").

Plaintiff asks the Court for a pre-motion conference, prior to September 9, 2024, to limit Attorney DeMarco from asking immaterial, unreasonably annoying or embarrassing or oppressive questions to Plaintiff about Plaintiff's past sexual history. Plaintiff hopes to avoid unnecessary motion practice, however, if the dispute cannot be resolved Plaintiff asks the Court to enter an appropriate briefing schedule for Plaintiff to move for a protective order and for Plaintiff's deposition to be suspended until such time that the Court can decide the motion.

| | |
|---|---|
| **SEIDEN LAW LLP** | **PRISONERS' LEGAL SERVICES** |
| */s/Michael Stolper* | */s/Krin Flaherty* |
| Michael Stolper | Krin Flaherty, Esq. |
| Priya Lehal | Megan Welch, Esq. |
| MarcAnthony Bonanno | 114 Prospect Street |
| 322 Eighth Avenue, Suite 1200 | Ithaca, New York 14850 |
| New York, New York 10001 | (607) 273--2283 |
| (646) 766-1914 | kflaherty@plsny.org |
| mstolper@seidenlaw.com | mwelch@plsny.org |
| plehal@seidenlaw.com | |
| mbonanno@seidenlaw.com | *Counsel for Plaintiff* |

---

admissibility rather than making the opponent justify exclusion of the evidence" and raises the threshold of admissibility.

3

**SO ORDERED**:

Application denied without prejudice. Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Rule further states that "[a] party or any person from whom discovery is sought may move for a protective order," which may be issued upon a showing of good cause "to protect a party or person from annoyance [or] embarrassment." Fed. R. Civ. P. 26(c)(1). The burden of establishing good cause is on the party seeking the protective order. Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004). Unfortunately, the record is not sufficiently developed to establish good cause at this time. Furthermore, Defendant Powell assures the Court that he does "not intend to harass or intentionally ask any annoying questions," and is only seeking "to ask questions that may reveal who and what is at the core of the Plaintiff's claim." (Docket No. 68 at 2). Moreover, Defendant Powell represents that he will "not . . . ask immaterial or unreasonably annoying or embarrassing questions." (Docket No. 68 at 2). While Plaintiff relies on Federal Rule of Evidence 412, although the admissibility of the evidence at trial is relevant, it is not dispositive. Yutong Jin v. Choi, 1:20-cv-09129-MKV, 2021 WL 738843, at *2 (S.D.N.Y. Feb. 24, 2021) (internal quotations and citation omitted). Nevertheless, "[t]his is not to say that plaintiff is entitled to no protection or that defendants are entitled to go on a fishing expedition into her prior history." Zakrzewska v. New Sch., No. 06 Civ. 5463 (LAK), 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008). "Questions that delve into a deponent's sexual history or other elements of his or her personal life that have no possible relevance to the case" are not permitted. Baines v. City of New York, 10 CV 9545 (JMF) (JLC), 2016 WL 3042787, at *4 (S.D.N.Y. May 27, 2016). Since Defendant Powell represents that he will only ask questions "at the core of the Plaintiff's claim," there is insufficient evidence that a protective order is required at this time. However, Plaintiff may object and direct the witness not to answer any question it deems irrelevant, or the purpose of which is to harass or embarrass Plaintiff. Accordingly, Plaintiff's motion is denied without prejudice.

_____ 9-5-2024
JUDITH C. McCARTHY
United States Magistrate Judge