# SEIDEN | LAW

December 6, 2024

**VIA ECF and EMAIL**
Hon. Kenneth M. Karas, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
KarasNYSDChambers@nysd.uscourts.gov

*Courtesy Copy To:*
Hon. Judith C. McCarthy, U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150
McCarthy_NYSDchambers@nysd.uscourts.gov

Re: *Baker v. Powell, et al.*, Case No. 7:23-CV-01626 (KMK)(JCM)

Dear Judge Kenneth M. Karas:

Pro bono counsel, Seiden Law LLP, and nonprofit Prisoners Legal Services of New York represent plaintiff Kristine Baker ("**Plaintiff**") in the above-referenced matter (the "**Action**"). We write pursuant to Rule II.A. of the Court's Individual Rules of Practice to request a pre-motion conference for Plaintiff's motion to amend the complaint by adding claims and defendants.

At the outset, justice requires that this Court grant Plaintiff leave to file a Second Amended Complaint to add claims and proposed Defendants Elaine Velez ("**Velez**") and Christian Nunez ("**Nunez**") pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The Second Circuit recognizes that "[a] motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party. Furthermore, mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal citations and quotation marks omitted). Justice requires granting Plaintiff leave to amend. Plaintiff only learned of Velez and Nunez's roles and liability until fact discovery was completed. In particular, the documentary and deposition discovery (which was entirely controlled by Defendant and DOCCS) uncovered that Velez and Nunez were aware of Plaintiff's repeated complaints of sexual harassment by an unknown male nurse at Bedford Hills and both failed to investigate or otherwise protect Plaintiff from further exposure to sexual harassment and abuse. Absent an amendment, Plaintiff will be unable to hold Velez and Nunez accountable for their wrongdoing.

**Relation Back Doctrine Supports Granting Leave to Amend the Complaint**

Plaintiff's request satisfies the "relation back" doctrine, which allows a party to amend a pleading to add additional claims or parties after the statute of limitations has run. Fed. R. Civ. P. 15(c). An amendment "relates back" to the original pleading when the moving party asserts a claim or defense or adds a party that (1) arose out of the conduct, transaction, or occurrence as set forth in the original pleading, (2) the party to be added has received notice of the action, and (3)

the party to be added knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *Soto v. Brooklyn Corr. Facility,* 80 F.3d 34, 35 (2d Cir.1996).

*First,* Plaintiff's claims against Velez and Nunez undoubtedly arise out of the same "conduct, transaction, or occurrence" set out in the Original and First Amended Complaints, as required by Rule 15(c)(1)(C).

*Second,* Velez and Nunez each received sufficient notice, and each knew or should have known that this action would have been brought against them but for Plaintiff's lack of knowledge and misunderstanding concerning their respective roles. Velez and Nunez each were on constructive notice of potential claims against them through the Office of the Attorney General's ("**OAG**") investigation and undertaking of the representation of Defendants. Under the constructive notice doctrine, courts impute knowledge of a lawsuit to a newly added government employee "through the attorney who *would* represent him," if that attorney (1) "also represented the government entities or officials already sued" and (2) "knew or should have known that the new defendant would be named." *Diaz v. City of New York*, No. 2015 WL 6125586, at *2 (S.D.N.Y. Oct. 7, 2015) (emphasis added); *see also Berry v. Village of Millbrook,* No. 09 Civ. 4234 (KMK), 2010 WL 3932289, at *5 & n.6 (S.D.N.Y. Sept. 29, 2010) (finding proposed defendant had constructive notice where the named defendants were already represented by defense counsel and defense counsel knew or should have known the proposed defendant would be named as a defendant). Here, the OAG (1) represents Defendants Lamanna and Gomprecht (two government officials) and (2) knew or should have known that Velez and Nunez would be named. Specifically, OAG should have known Velez and Nunez were likely to be named as Defendants after receipt of the allegations in the Original Complaint.

Even if notice is not imputed through the OAG, Velez and Nunez received sufficient notice because their interests are sufficiently aligned with Defendants Lamanna and Gomprecht. When, as here, a proposed defendant's interests are sufficiently aligned with those of the original defendants, there is a presumption of adequate notice. *See Sounds Exp. Int'l Ltd. v. Am. Themes & Tapes, Inc.*, 101 F.R.D. 694, 697 (S.D.N.Y. 1984) ("Courts have generally held that Rule 15(c) is satisfied where the original party and added party have a close identity of interests."). This "presumption of notice is appropriate where, as here, the proposed defendant is an employee whose immediate superiors and colleagues were named and served as defendants in the initial action." *Ayala Serrano v. Collazo Torres*, 650 F.Supp. 722, 726–27 (D.P.R. 1986) (imputing notice to a proposed defendant and noting it was "highly unlikely that none of his co-workers or supervisors advised him of plaintiff's suit"). Here, Defendant's Lamanna and Gomprecht are either direct colleagues or supervisors of Nunez and Velez, all of whom worked together at Bedford Hills, including discussing Plaintiff's allegations. Their constructive notice satisfies the standard.

*Finally*, Plaintiff should be granted leave to amend because Plaintiff's lack of knowledge of Nunez and Velez's roles and liability is a mistake under the relation-back doctrine. In *Krupski v. Costa Crociere S.p.A.* the U.S. Supreme Court clarified that the relation-back doctrine extends to circumstances where "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the

claim at issue." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010). As is the case here, Plaintiff should not be penalized for the information deficit that was only remedied through discovery. *See In re Mission Const. Litig.*, No. 10 Civ. 4262(LTS)(HBP), 2013 WL 4710377, at *8 (S.D.N.Y. Aug. 30, 2013) (finding plaintiff was mistaken under Rule 15(c)(1)(C)(ii) where plaintiff "was not aware of [the newly added defendant's] role and potential liability until discovery began"); *see also Trustees of Nat. Ret. Fund v. Wildwood Corp.*, No. 11-CV-06287 NSR LMS, 2014 WL 1918080, at *3 (S.D.N.Y. May 12, 2014) (permitting relation back where plaintiff misunderstood "the role that [the newly added defendants] played in the conduct giving rise to the 'evade or avoid' claim"); *Abdell v. City of New York*, 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010) (same).

**All Current and Proposed Defendants Would Not Be Prejudiced by the Amendment**

Velez and Nunez will not be prejudiced by being added as a defendant to this action. When considering if such prejudice exists, courts evaluate if the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute . . ." *Monahan v. New York City Department of Corrections*, 214 F.3d 275, 284 (2d Cir.2000). Plaintiff anticipates both will be represented by the OAG, which has become intimately familiar with this case. The amendment will not delay the resolution of this case because Plaintiff does not anticipate seeking any additional discovery or an extension to the discovery period. We note that all relevant documents related to Velez and Nunez have been produced and both individuals have already been deposed.

For the reasons set forth above, Plaintiff requests a pre-motion conference to move for leave to file a Second Amended Complaint based on the facts only learned through discovery.

| | |
|---|---|
| **SEIDEN LAW LLP** | **PRISONERS' LEGAL SERVICES** |
| */s/Michael Stolper* | */s/Krin Flaherty* |
| Michael Stolper | Krin Flaherty, Esq. |
| Priya Lehal | Megan Welch, Esq. |
| MarcAnthony Bonanno | 114 Prospect Street |
| 322 Eighth Avenue, Suite 1200 | Ithaca, New York 14850 |
| New York, New York 10001 | (607) 273--2283 |
| (646) 766-1914 | kflaherty@plsny.org |
| mstolper@seidenlaw.com | mwelch@plsny.org |
| plehal@seidenlaw.com | |
| mbonanno@seidenlaw.com | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |