

**Office of the New York State**  
**Attorney General**

**Letitia James**  
**Attorney General**

December 13, 2024

**By ECF**
Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *Baker v. Powell, et al.*, 23 Civ. 01626 (KMK)(JCM)

Dear Judge Karas:

This Office represents Defendants Amy Lamanna and Ellen Gomprecht in the above-captioned case. We write, pursuant to the Court's December 9, 2024 Order, (Dkt. No. 73), to oppose Plaintiff's December 6, 2024, request for a pre-motion conference seeking leave to file a Second Amended Complaint ("SAC"). (Dkt. No. 71). We respectfully request that Plaintiff's request be denied as futile, as her claims are both time-barred and fails to state a claim.

In her Operative Complaint ("Amended Complaint") (Dkt. No. 9), Plaintiff alleges that between February 12, 2020, and May 13, 2020, while at Bedford Hills Correctional Facility ("Bedford Hills"), she was sexually assaulted by Defendant Raldino Powell, a nurse at the facility, while Defendant Lamanna, the Superintendent of the facility, and Defendant Gomprecht, a facility physician, were deliberately indifferent to Plaintiff's needs by failing to protect her. (Dkt. No. 9). In Plaintiff's proposed Second Amended Complaint, a redline copy of which is attached, she now seeks to add two additional parties: Elaine Velez, who was then the Assistant Deputy Superintendent for PREA at Bedford Hills, and Christian Nunez, the then Deputy Chief of the Sex Crimes Division for the New York State Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigation ("OSI"). Plaintiff also asserts four causes of action including, a claim of First Amendment Retaliation against all Defendants.

Plaintiff filed her Complaint on March 2, 2023. (Dkt. No. 2). Plaintiff filed an Amended Complaint on April 20, 2023. (Dkt. No. 9). On September 14, 2023, the Court issued a Case Management and Scheduling Order that directed that all fact discovery end by January 12, 2024. (Dkt. No. 24). The Court subsequently endorsed several additional requests for an adjournment of the close of discovery. (Dkt. Nos. 34 and 51). On June 12, 2024, the Court extended the close of fact discovery to October 15, 2024. (Dkt. No. 59). Plaintiff had over a year to move to amend, but did so only after fact discovery ended.

Under Fed. R. Civ. P. 15(a), a court should "freely give leave" to amend "when justice so requires." However, where "it appears that granting leave to amend is unlikely to be productive . .

. it is not an abuse of discretion to deny leave to amend." Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citations omitted). "One appropriate basis for denying leave to amend is that the proposed amendment is futile." Id. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*." Id. (emphasis in original). To withstand a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conclusory allegations are not sufficient to state a claim. Id. at 555 (internal quotations omitted).

Plaintiff's claims against Velez and Nunez are time-barred because Plaintiff knew their identities, but failed to pursue her claims against them in a timely manner. Section 1983 claims based on events occurring within New York are subject to a three-year statute of limitations. See Lucente v. Cnty. of Suffolk, 980 F.3d 284, 308 (2d Cir. 2020); Vasquez v. City of New York, No. 20 Civ. 4641 (ER), 2023 WL 2366974, at *3 (S.D.N.Y. Mar. 6, 2023) (holding that an amendment to a complaint "is futile if the claim proposed to be added would be barred by the applicable statute of limitations") (citation omitted). Plaintiff's claim began to accrue when she " knows or has reason to know of the injury which is the basis of [her] action." Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). Here, the claims against Velez and Nunez arise from alleged incidents that occurred between February 12, 2020 and May 13, 2020 while at Bedford Hills. Thus, the statute of limitations as to Plaintiff's claims ran on May 13, 2023. Moreover, even if Plaintiff's claims were affected by tolling pursuant to Executive Order 202.8, which "toll[ed] the statute of limitations period in Section 1983 claims brought in federal court in New York," due to the COVID-19 pandemic, Plaintiff's claims are still untimely. Anekwe v. Bernstein, No. 21 Civ. 11108, 2023 WL 44533659, at *4 (S.D.N.Y. July 13, 2023) (citing Doe v. State Univ. of N.Y. Purchase Coll., 617 F.Supp.3d 195, 208 (S.D.N.Y. 2022)). The Executive Order provided tolling from March 20, 2020, through November 3, 2020, totaling 228 days. Id. After factoring those additional 228 days here, the statute of limitations for Defendants Velez and Nunez was December 29, 2023.

Plaintiff's reliance on the "relation back doctrine" to circumvent the statute of limitations is mistaken. In her letter motion (Dkt. No. 71), Plaintiff first argues that she "only learned of Velez and Nunez's roles and liability" until after fact discovery concluded. Id. This is simply not correct. Elaine Velez was a senior staff member at Bedford Hills where Plaintiff was housed between February and May 2020, and was the head of PREA enforcement. Velez met with Plaintiff after she filed her PREA complaint. As such, Plaintiff either knew or should have known of their roles in this litigation. Moreover, Plaintiff is referenced in the OSI investigative file served on Plaintiff on January 17, 2024. Deputy Velez also appears in several of the emails served on Plaintiff as part of eDiscovery on June 14, 2024. Regarding Nunez, Plaintiff was aware of the fact that OSI was investigating her claims because she was interviewed by OSI investigators. Nunez is also referenced in the OSI investigative file served on Plaintiff on January 17, 2024, as well as in emails served on Plaintiff on June 14, 2024. Also, Nunez was deposed twice in this case, once on May 14, 2024 (as a Rule 30(b)(6) witness) and on October 2, 2024. Accordingly, the roles of both Velez and Nunez were well known to Plaintiff prior to the close of discovery.

Neither can Plaintiff argue that she was unaware of the identities of Velez and Nunez and therefore her failure to sue them was a "mistake." Plaintiff was well aware of Deputy Velez and regarding Nunez, even if Plaintiff did not know him personally, or by name, she was aware that OSI's Sex Crimes Unit was investigating her PREA complaint in 2020. Plaintiff's decision not to sue them was intentional. As such, it appears that Plaintiff made the strategic decision to not sue

anyone from OSI nor the PREA Deputy, opting instead to sue the facility Superintendent, Amy Lamanna. "We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 549, 552 (2010). "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." Id. at 552.

In addition, Plaintiff's proposed claims against Velez and Nunez are subject to dismissal because they fail to state a claim upon which relief can be granted. For example, Plaintiff alleges that Defendants Lamanna, Gomprecht, Velez, and Nunez failed to conduct an investigation into her alleged sexual assault, however, there is no constitutional right to an investigation. See Burroughs v. Mitchell, 325 F.Supp.3d 249, 284 (2d Cir. 2018) (noting that there is no constitutional right to an investigation by government officials). In addition, Plaintiff's bare allegation that Defendants were aware of an "extensive history of male staff, including medical staff, at Bedford Hills sexually assaulting female inmates," is nothing more than conclusory allegations and insufficient to raise a constitutional claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted)

Moreover, Plaintiff fashions Velez and Nunez as "supervisors," yet fails to allege their personal involvement in any wrongdoing. As there is no special rule for supervisory liability, the claims against them must be dismissed. See Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) ("there is no special rule for supervisory liability. Instead, a Plaintiff must plead and prove that each Government-official defendant, through the official's own actions, has violated the constitution. . . . The violation must be established against the supervisory official directly.") Additionally, any deliberate indifference claim also fails because, while Plaintiff conclusorily claims that Defendants were deliberately indifferent to her safety, she has not sufficiently alleged that they knew of, and ignored, an excessive risk to the Plaintiff. See Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015).

Finally, all Defendants will be prejudiced if the Court grants Plaintiff's motion to amend. Despite Plaintiff's claims otherwise, additional discovery will be required by Defendants, including re-opening Plaintiff's deposition to inquire about Velez and Nunez. Thus, there will be a significant delay in the resolution of this case, not just for the newly added defendants, but for all parties.

For all of the foregoing reasons, Plaintiff's application to the Court for permission to file a Second Amended Complaint should be denied as futile on the grounds that such claims are time-barred and because Plaintiff fails to state a claim upon which relief can be granted.

The Court will hold a pre-motion conference on 1/10/25, at 11:00

So Ordered.
12/13/24

Respectfully submitted,

/s/ Neil Shevlin
NEIL SHEVLIN
Assistant Attorney General
(212) 416-8561
Neil.Shevlin@ag.ny.gov

3