UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINE BAKER,<br><br>*Plaintiff*,<br><br>v.<br><br>RALDINO POWELL, *et al*.<br><br>*Defendants*. | No. 23-CV-1626 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Plaintiff Kristine Baker brought this Action pursuant to 42 U.S.C. § 1983 against Raldino Powell, Ellen Gomprecht, and Amy Lamanna (collectively, "Defendants"), alleging violations of her constitutional rights arising from sexual assaults she suffered during her time as an inmate at Bedford Hills Correctional Facility. (*See* Am. Compl. ("AC") (Dkt. No. 9).) On September 22, 2025, the Court granted in part and denied in part Plaintiff's Motion to Amend the Amended Complaint, allowing her to add a First Amendment retaliation claim but denying leave to add two new Defendants—Elaine Velez ("Velez") and Christian Nunez ("Nunez"). *See Baker v. Powell*, No. 23-CV-1626, 2025 WL 2693629 (S.D.N.Y. Sept. 22, 2025). Before the Court is Plaintiff's Motion for Reconsideration regarding the portion of the Opinion that denied the addition of Velez and Nunez as Defendants. (*See* Mot. for Recons. (the "Motion") (Dkt. No. 102).) For the following reasons, the Motion is denied.

## I. Discussion

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Marvin v. Allen*, No. 23-CV-5947, 2025 WL 1911558, at *1 (S.D.N.Y. July 11, 2025) (quoting *Rivas v. Melecio*, No. 23-CV-5718, 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024)); *see also Flores v. Bergtraum*, No. 20-CV-1240, 2023 WL 6258675, at *1 (S.D.N.Y. Sept. 26, 2023) (same).

In the Second Circuit, motions for reconsideration are judged by a "strict" standard and should not be granted where the moving party seeks solely to relitigate an issue already decided. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (quotation marks and citation omitted)). "Motions for reconsideration are not intended to be 'a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Fecteau v. City of Mount Vernon*, No. 23-CV-9173, 2025 WL 873018, at *19 (S.D.N.Y. Mar. 20, 2025) (quoting *Harriram v. City Univ. of New York*, No. 22-CV-9712, 2024 WL 4553906, at *3 (S.D.N.Y. Oct. 22, 2024)). In other words, "a motion for reconsideration should be granted only when the movant identifies an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." *Flores*, 2023 WL 6258675, at *1 (quoting *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017)) (alterations adopted).

In its Opinion, the Court denied Plaintiff leave to amend to add Velez and Nunez because Plaintiff failed to meet the requisite standards for adding a new party pursuant to Federal Rule of Civil Procedure 15. *Baker*, 2025 WL 2693629, at *3–5. Rule 15 permits altering parties in a pleading after the statute of limitations has lapsed in two circumstances, outlined in subsections (c)(1)(A) and (c)(1)(C). Fed. R. Civ. P. 15(c).

Rule 15(c)(1)(A) lets a plaintiff add new defendants outside the limitations period where "the law that provides the applicable statute of limitations allows relation back." *Id*. In New York, Section 203 of New York Civil Practice Law and Rules ("Section 203") governs whether an amended complaint "relates back" for the purposes of Rule 15(c)(1)(A).[1] The Court found that Plaintiff failed to meet the second prong of Section 203, which requires that the new party be "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. *Baker*, 2025 WL 2693629, at *3–4 (quoting N.Y. C.P.L.R § 203(b)); *Maldonado v. Miller*, No. 21-CV-3719, 2024 WL 4043137, at *4–5 (S.D.N.Y. Sept. 4, 2024) (explaining the interaction of Rule 15(c)(1)(A) and Section 203). Plaintiff does not seek

[1] State law supplies the applicable statute of limitations for the claims asserted here because "[t]he statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The Parties have not raised, so the Court need not address, whether the New York Adult Survivors Act bears on this question. *See generally* N.Y. C.P.L.R. § 214-j.

reconsideration of the Court's conclusion that the addition of new parties would be inappropriate under Rule 15(c)(1)(A), and asks the Court only to reconsider its conclusion as to Rule 15(c)(1)(C).

Federal Rule of Civil Procedure 15(c)(1)(C) allows amendments to relate back where a plaintiff "changes the party or the naming of the party against whom a claim is asserted" if, among other requirements, the plaintiff has made a mistake concerning the proper party's identity. *E.g.*, *Pierre v. Cnty. of Nassau*, No. 17-CV-6629, 2022 WL 2872651 (E.D.N.Y. July 21, 2022) (explaining rule's applicability in cases of mistaken identity). The Court explained that where a plaintiff is seeking to *add* new parties as opposed to *substituting* one party for another, relation back under Rule 15(c)(1)(C) is typically unavailable. *Baker*, 2025 WL 2693629, at *5. Plaintiff argues that reconsideration is warranted because the Court overlooked controlling authority in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010), regarding a plaintiff's "mistake." (Mem. in Supp. of Pl.'s Mot. for Recons. ("Pl.'s Mem.") 3 (Dkt. No. 103).) She further asserts that *Krupski* "removes the foundation for the broader rule articulated" in decisions that the Court relied upon in its Opinion. (Pl.'s Mem. 1.)

The broader rule Plaintiff claims the Court erroneously relied upon[2] is articulated in *Barrow v. Wethersfield Police Department*, which held that an amendment to replace a "John

[2] The Court did not rely on this rule in its Opinion. The Court cited *In re Vitamin C Antitrust Litigation*, which held that where a plaintiff sued the right defendants but neglected to sue another defendant who might also be liable, they did not make a "mistake" under Rule 15(c)(1)(C). 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014); *Baker*, 2025 WL 2693629, at *5. Although *In Re Vitamin C* briefly mentions *Barrow*, it also distinguishes cases where the plaintiff seeks to change a defendant from those where the plaintiff seeks to add a defendant, finding Rule 15(c)(1)(C) does not permit relation back to add parties. *In re Vitamin C*, 995 F. Supp. 2d at 130–31.

Doe" defendant is made "not to correct a mistake but to correct a lack of knowledge" and is therefore not a mistake which relates back under Rule 15(c)(1)(C). *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2nd Cir. 1995). Plaintiff argues *Krupski* and its progeny confine the *Barrow* rule to true "John Doe" substitutions, rather than cases where a Plaintiff misunderstands facts regarding identity and seeks to replace one party with another. (Pl.'s Mem. 4–5 (citing *Ceara v. Deacon*, 916 F.3d 208, 211–213 (2d Cir. 2019)).) Plaintiff therefore argues that, under *Krupski*, her misunderstanding of Velez's and Nunez's roles should be considered a Rule 15(c)(1)(C) "mistake." (Pl.'s Mem. 12.)

The Court disagrees because Plaintiff has not shown the Court overlooked controlling law. First, courts must "give the Federal Rules of Civil Procedure their plain meaning." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (quotation marks and citation omitted). The Rule here refers to "chang[ing] the party or the naming of the party" where, *inter alia*, "mistake concerning the proper party's identity" is shown—the plain meaning of which is consistent with substituting, rather than adding, parties where the Rule's requirements are met. Fed. R. Civ. P. 15(c)(1)(C); *see Ocasio v. City of Canandaigua*, 344 F.R.D. 158, 168–69 (W.D.N.Y. 2022) (explaining the position that Rule 15 "permit[s] replacement, but not addition, of defendants . . . finds support in the explicit language of the rule," so denying leave to amend to add a "new defendant" that did "not seek to cure any mistake of identity"). Second, neither *Krupski* nor *Barrow* held relation back appropriate where leave to amend was sought to add an entirely new defendant. *Krupski*, 560 U.S. at 551–52; *Barrow*, 66 F.3d at 470 (holding "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not

know their identities."); *see also Ceara*, 916 F.3d at 212–13 (holding "*Barrow* remains good law;" reversing denial of leave to amend spelling of a defendant's name where it was "implausible that [the defendant's agency and the defendant] did not know to whom [the plaintiff] was referring"). *Ceara* held "*Krupski* did not abrogate *Barrow*," and *Barrow* "remains the law of this Circuit." 916 F.3d at 213.

Many courts in the Second Circuit have thus agreed "Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, which allows relation back, would appear to bar relation back" in this scenario "because the rule applies only where an amendment changes the party or the naming of a party against whom a claim is asserted—not where an amendment adds a previously unmentioned party." *Neal v. Wilson*, 239 F. Supp. 3d 755, 759 (S.D.N.Y. 2017) (collecting cases, quotation marks omitted); *see 225 Northport, LLC v. Vill. of Northport*, No. 24-CV-2967, 2025 WL 2811260, at *4 (E.D.N.Y. Oct. 2, 2025) ("Plaintiff is plainly not entitled to relation back under Rule 15(c)(1)(C), as that rule permits plaintiffs to *replace* one party for another, but does not permit plaintiffs to add new parties." (emphasis in original)); *Baker*, 2025 WL 2693629, at *5 (collecting cases holding "where—as here—a plaintiff is seeking to *add* new parties, as opposed to *replacing* one party for another, Rule 15(c)(1)(C) is unavailable"); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581, 2019 WL 4007361, at *3 (S.D.N.Y. Aug. 26, 2019) (collecting cases agreeing with *Neal*).

Plaintiff contends, however, that "district courts in this Circuit are divided on the precise issue presented here." (Pl.'s Mem. 3.) *See, e.g.*, *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 92 (D. Conn. 2020) (describing *Vitamin C* and like cases as "too restrictive" and not "apply[ing] the lessons of *Krupski*," noting "[s]everal courts in this circuit have concluded that

Rule 15(c)(1)(C) does not encompass instances in which a plaintiff seeks relation back of a complaint that . . . adds rather than substitutes a new party"). That does not meet the high bar for reconsideration. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2019 WL 2603187, at *4 (S.D.N.Y. June 25, 2019) ("Other federal district courts engaging in a similar inquiry may have come to different conclusions, but those decisions are not 'controlling law' and therefore cannot be the basis for a motion for reconsideration."). Plaintiff also argues *Krupski*'s "lessons" are more consistent with her view than with the Court's Opinion or *In re Vitamin C*, which she argues the Court over-relied on. (*See, e.g.*, Pl.'s Mem. 11.) But those "lessons" are also not controlling law, particularly given *Krupski* presented a different scenario—*i.e.*, the substitution of a party in a case of mistaken identity, not the addition of one.

## II. Conclusion

For the reasons set forth above, Plaintiff's Motion is denied. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 102.

SO ORDERED.

DATED: August 14, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE